IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| -v.-          *Plaintiff,* | ) | Case No. 24 CV 11547 |
| | ) | |
| | ) | |
| MK DELIVERIES, INC., FELIX OCAMPO, JR. and | ) | |
| FNBC BANK & TRUST, as Independent | ) | |
| Administrator of the ESTATE OF CHARLES A. | ) | |
| SCHAUER, Deceased, | ) | |
| | ) | |
| *Defendants.* | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY ("West Bend"), by and through its attorneys, Peter G. Syregelas and Haley M. Loutfy of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment against the Defendants, MK DELIVERIES, INC., FELIX OCAMPO, JR. and FNBC BANK & TRUST, as Independent Administrator of the ESTATE OF CHARLES A. SCHAUER, Deceased, and alleges as follows:

**Introduction**

1. In this declaratory judgment action, West Bend seeks the following declarations: (1) that the loss involved in the underlying matter brought by the ESTATE OF CHARLES A. SCHAUER, Deceased ("the Estate"), which is currently administered by the FNBC BANK & TRUST, as Independent Administrator, against MK DELIVERIES, INC. ("MK"), FELIX OCAMPO, JR. ("Ocampo") and others is, under Illinois law, a loss that falls within the commercial auto and umbrella coverage parts of the policy that West Bend issued to MK, and not a loss that also falls within the commercial general liability coverage part of the same policy; (2) that the

insurance limits applicable to the underlying matter under West Bend's policy are $2 million should the underlying judgment stand; (3) that the supplementary payment obligation for West Bend to pay prejudgment interest on the judgment entered in the underlying matter applies only to the excess liability coverage part; (4) that West Bend's motion to deposit constituted an "offer to pay" under its supplementary payments provisions, which terminated its duty to pay any further post judgment interest on the entered judgement; that (5) in the alternative to (4), that the deposit of $2,686,712.84 with the clerk of the circuit court of Cook County on October 15, 2024, absent a finding for extracontractual liabilities, satisfied West Bend's contractual duties under the applicable supplementary payments provisions of its policy and terminated West Bend's duties to pay any further post judgment interest on the entered judgment.

## The Parties

2. West Bend is a mutual insurance company organized under the laws of Wisconsin, with its principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

3. MK is an Illinois corporation with its principal place of business in Illinois. MK is a citizen of Illinois.

4. Ocampo is an individual and a citizen of Illinois.

5. The Estate was opened in the circuit court of DuPage County, Illinois, and is currently administered by FNBC Bank & Trust, which is operated by the holding company FNBC Holdings LLC, an Illinois limited liability company with its principal place of business in Illinois. The Trust and FNBC are citizens of Illinois.

## Jurisdiction and Venue

6. No defendant is a citizen of the plaintiff's state of citizenship, Wisconsin, so diversity of citizenship exists.

7. The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to limit an indemnity payment exceeding $75,000 in value.

8. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

9. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois.

10. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## The Underlying Judgment

11. On May 22, 2024, after a jury trial, the circuit court of Cook County, Illinois, entered a judgment in favor of the Estate and against Defendants MK, Ocampo, and Erin Zilka ("Zilka"), and awarded damages to the Estate in the amount of $13,672,500.00, plus costs and any applicable pre-judgment and post-judgment interest against MK and Ocampo. **A copy of the judgment order is attached as Exhibit A.**

12. The underlying lawsuit arose out of out a motor vehicle collision, which led to the death of Charles Schauer. **A copy of the Operative Complaint filed shortly before trial is attached as Exhibit B.**

## The West Bend Policy and Defense of the Lawsuit

13. West Bend issued a Commercial Lines Policy, policy no. A605218 00 ("Policy"), for the time period of June 3, 2019 to June 3, 2020, which names MK as the named insured. **A certified copy of the policy is attached as Exhibit C.**

14. West Bend undertook the defense of MK and Ocampo without a reservation of rights, subject only to the Policy's limits.

15. The Policy limit applicable to the judgment is $2 million, as follows: (a) $1 million under the Commercial Auto Liability Coverage Part; and (b) $1 million under the Umbrella Liability Coverage Part.

15. Should the judgment stand, West Bend would owe an obligation to indemnify MK and Ocampo for $2 million.

16. Should the judgment stand, under the Policy, West Bend also has an obligation to pay prejudgment interest on its applicable limit of liability under the Umbrella Coverage Part.

17. Should the judgment stand, under the Policy, West Bend also has an obligation to pay post judgment interest on the full amount of the judgment that accrued since the entry of the judgment under both the Commercial Auto and the Umbrella Coverage Parts until it paid, offered to pay, or deposited in court the part of the judgment that is within the limit of insurance.

### The Deposit of Funds with the Circuit Court of Cook County

18. On September 20, 2024, West Bend filed a motion for leave to deposit funds owed under the Policy with the clerk of the circuit court of Cook County, to be held in trust while post judgment and appellate litigation continued. **A copy of the motion is attached as Exhibit D.**

19. The Estate opposed that motion. **A copy of the Estate Administrator's Response to the Motion to Deposit is attached as Exhibit E.**

20. West Bend filed a reply in support of its motion to deposit funds on October 2, 2024. **A copy of West Bend's Reply is attached as Exhibit F.**

21. Argument was heard, and the motion was granted on October 10, 2024. **A copy of the Order granting the motion to deposit is attached as Exhibit G.**

22. West Bend deposited $2,686,712.84 with the clerk of the circuit court of Cook County on October 15, 2024. **A copy of the receipts showing deposit are attached as Exhibit H.**

**<u>Count I</u>**
**Commercial General Liability Coverage Part Not Applicable to Loss**

23. West Bend incorporates by reference paragraphs 1 through 22 above, as if set forth fully herein.

24. The Policy has three coverage parts: (1) a commercial general liability ("CGL") coverage part; (2) a commercial auto ("CA") coverage part; and an umbrella ("UMB") coverage part.

25. Only the CA and the UMB apply to the underlying case.

26. The underlying loss arose out of a motor vehicle accident.

27. The CGL coverage part includes an exclusion for liability arising out of the use of an "auto," which includes the MK vehicle involved here.

28. The Policy is also endorsed to say that only one coverage form that covers the same "bodily injury" can apply to a single injury, and the CA coverage form contains general condition 8., which states that if the CA coverage form applies to an accident, then only the form with the higher limit will apply (the exception being a coverage form issued specifically as excess insurance, i.e., the UMB coverage form).

WHEREFORE, the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that West Bend does not owe any duty under its CGL coverage for the underlying matter, and that only the CA and UMB coverage parts are applicable to the underlying loss, should the judgment stand, and for such other and further relief as this Court deems fair and just under circumstances.

## Count II
**Insurance Limits Applicable to the Underlying Matter under Policy are $2 Million**

29. West Bend incorporates by reference paragraphs 1 through 28 above, as if set forth fully herein.

30. The limits of the CA and the UMB coverage parts of the Policy, which apply to the underlying case are $1 million each, for a total of $2 million.

WHEREFORE, the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that West Bend, in the event the underlying judgment stands, would owe an indemnity obligation of $2 million and for such other and further relief as this Court deems fair and just under circumstances.

## Count III
**Prejudgment Interest Obligation Only Applies to $1 Million Limit Under UMB Coverage Part**

31. West Bend incorporates by reference paragraphs 1 through 30 above, as if set forth fully herein.

32. The supplementary payments provision of the CA coverage part contains no obligation for West Bend to pay prejudgment interest.

33. The supplementary payments provision of the UMB coverage part contains an obligation for West Bend to pay the prejudgment interest incurred on its limit of liability, which is $1 million.

WHEREFORE, the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that West Bend, in the event the underlying judgment stands, would owe a duty to indemnify MK for the prejudgment interest incurred on the $1 million limit owed under the UMB coverage part, and no prejudgment interest

under the CA coverage part, and for such other and further relief as this Court deems fair and just under circumstances.

## Count IV
### West Bend's Motion to Deposit Funds Filed on September 20, 2024, Constituted an "Offer to Pay" Terminating Any Further Responsibility for the Payment of Post Judgment Interest

34. West Bend incorporates by reference paragraphs 1 through 33 above, as if set forth fully herein.

35. The supplementary payments provisions of the CA and UMB coverage parts obligate West Bend, if the underlying judgment should stand, to pay respectively "[a]ll interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' against the 'insured' we defend, but out duty to pay interest ends when [West Bend has] paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance" and "[a]ll interest on the full amount of any judgment that accrues after the entry of judgment and before [West Bend] has paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance."

36. West Bend's Motion to Deposit Funds constituted an "offer to pay" under the terms of the supplementary payments provisions of the coverage parts applicable to the underlying lawsuit, such that any responsibility for West Bend to pay post judgment interest terminated on September 20, 2024.

WHEREFORE, the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that West Bend "offered to pay" on September 20, 2024 under the terms of the supplementary payments provisions of the coverage parts applicable to the underlying lawsuit, such that any responsibility for West Bend to pay post

judgment interest terminated on that date, and for such other and further relief as this Court deems fair and just under circumstances.

### Count V (as alternative to Count IV)
### West Bend's Deposit on October 15, 2024, Terminated Any Further Responsibility for the Payment of Post Judgment Interest

37. West Bend incorporates by reference paragraphs 1 through 33 above, as if set forth fully herein.

35. The supplementary payments provisions of the CA and UMB coverage parts obligate West Bend, if the underlying judgment should stand, to pay respectively "[a]ll interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' against the 'insured' we defend, but out duty to pay interest ends when [West Bend has] paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance" and "[a]ll interest on the full amount of any judgment that accrues after the entry of judgment and before [West Bend] has paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance."

36. West Bend's deposit with the clerk of the circuit court of Cook County on October 15, 2024 terminated any further responsibility for West Bend to pay post judgment interest.

WHEREFORE, the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that West Bend's deposit of funds on October 15, 2024 terminated any responsibility of West Bend to pay further post judgment interest on the entered judgment, and for such other and further relief as this Court deems fair and just under circumstances.

        Respectfully submitted,

        LINDSAY, PICKETT & POSTEL, LLC


        By: _/s/ Peter G. Syregelas_
        One of the Attorneys for Plaintiff,
        West Bend Mutual Insurance Company


Peter G. Syregelas
Direct Phone: 312-970-5661
psyregelas@lpplawfirm.com
Haley M. Loutfy
Direct Phone: 312-995-7903
hloutfy@lpplawfirm.com
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison St., Suite 3850
Chicago, Illinois 60606
Fax: (312) 629-1404
Firm No. 62461
*Attorneys for Plaintiff*